# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SUSAN B. RICE,<br><br>   Plaintiff,<br><br>vs.<br><br>JAMES L. BRANDAU, Bremer County Magistrate Judge, KASEY E. WADDING, Bremer County Attorney,<br><br>   Defendants. | No. C05-2046-LRR<br><br>INITIAL REVIEW ORDER |

  This matter is before the court pursuant to the plaintiff's application to proceed in forma pauperis. The Clerk of Court filed such application on May 24, 2005. Along with her application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

  A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1] When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that

---

  [1] Although 28 U.S.C. § 1915(a) refers to prisoners, it is appropriate for the court to review the plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

After it determines the granting of in forma pauperis status is appropriate, a court may require a plaintiff to submit partial payments or installment payments of the filing fee.

> The ordering of a partial payment or an installment payment for court fees fits within the [language of 28 U.S.C. § 1915. Subsection (a) of 28 U.S.C. § 1915] does not say that upon granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[2]

---

[2] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C.
(continued…)

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 W.L 1760980 (M.D. N.C. 2002). Like an inmate at a prison, a party from the general public may not be able to make full payment at a particular time but may have the ability to pay over a period of time. In some instances, the court may require partial payments or installment payments of the filing fee because it is permissible and desirable to collect such payments.

Here, the plaintiff makes several statements regarding her request to proceed without prepayment of the fees and costs. Given the statements the plaintiff made in her application to proceed in forma pauperis, the court is satisfied the plaintiff's allegation of poverty is true. *See Lee*, 231 F.3d at 458-59 (stating a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis). *See also Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (concluding the requirements of 28 U.S.C. § 1915 were met because plaintiff received public assistance income of $222.00 per month, had checking account balance of less than $60.00, owned an automobile on which he owed $3600.00, and had other debts totaling $10,000.00). *Cf. Marceaux v. Democratic Party*, 79 Fed. Appx. 185, 186, 2003 U.S. App. LEXIS 22312, 2003 WL 22455419 (6th Cir. 2003) (concluding the district court did not abuse its discretion when it determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items). Accordingly, the plaintiff's application to proceed in forma pauperis

---

[2](…continued)
§ 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

shall be granted. *See* 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee.

Although it has determined that the granting of in forma pauperis status is appropriate in this case, the court also finds that requiring the plaintiff to submit partial payments or installment payments of the filing fee is permissible and desirable. Although she shall not be required to submit an initial partial filing fee, the plaintiff shall submit to the Clerk of Court reasonable monthly payments until the $250.00 filing fee is paid in full. *Cf.* 28 U.S.C. § 1915(b)(2), see also 28 U.S.C. § 1914(a) (requiring $250.00 filing fee).

## DISCUSSION

### A. Standard of Review

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). Accordingly, a court may review the complaint and dismiss sua sponte those claims that are premised on meritless legal theories or that clearly lack any factual basis. *See id. See also Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### B. Overview of Civil Rights Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred"); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

## C. The Plaintiff's Claim

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of her action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of her conviction or the duration of her incarceration and seeking a determination that she is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the language of the complaint demonstrates that the plaintiff is challenging the validity of her confinement or conviction. From the complaint, it appears the plaintiff is dissatisfied with the outcome of her state criminal case, that is, *State v. Rice*, SMMG006144 (Bremer County Dist. Ct. 2005).[3] As relief the plaintiff seeks an injunction and damages. The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action. The relief the plaintiff is seeking is only available under 28 U.S.C. § 2254.[4]

---

[3] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/.

[4] To the extent that the plaintiff is seeking damages for events relating to her criminal case, a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). A party is not able to use a suit for damages under 42 U.S.C. § 1983 to avoid established procedures, like habeas corpus, for challenging the lawfulness

(continued...)

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff fails to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1). In addition, given the fact that the plaintiff only received a sentence that required the payment of a $50.00 fine, the plaintiff fails to meet the "in custody" requirement of 28 U.S.C. § 2241(c). *See Russell v. Pierre*, 530 F.2d 791, 792 (8th Cir. 1976); *see also Snelling v. Missouri*, 1994 U.S. App. LEXIS 10796 (8th Cir. 1994) (citing *Russell v. Pierre*, 530 F.2d 791 (8th Cir. 1976)). Accordingly, it is appropriate to dismiss this action. 28 U.S.C. § 1915(e).

Apart from the fact that the relief sought is not available in a 42 U.S.C. § 1983 action, the plaintiff named Magistrate Judge James L. Brandau and County Attorney Kasey E. Wadding as the only defendants. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). *See also Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (discussing judicial immunity in the context of a 42 U.S.C. § 1983 claim and quoting *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996) ("Judicial immunity protects a judicial officer form civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). Absolute immunity defeats a suit at the onset, so long as the official's actions were within the scope of the immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). A judge is entitled to absolute immunity from civil suit unless the acts were nonjudicial in nature or the acts were performed in the clear absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112

---

(...continued)
of the fact or length of confinement. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

7

S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam); *Briscoe v. LaHue*, 460 U.S. 325, 334-35, 103 S. Ct. 1108, 74 L. Ed. 2d 96 (1983); *Stump v. Sparkman*, 435 U.S. 349, 356-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994) (per curiam).

With respect to the former exception to judicial immunity, the factors determining whether an act is "judicial" relate to the nature of the act itself and to the expectations of the parties. *Stump*, 435 U.S. at 362; *See also Mireles*, 502 U.S. at 12-13 (relevant inquiry relates to the nature and function of the act, not the act itself); *Forrester v. White*, 484 U.S. 219, 229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988) (Whether an act is "judicial" turns on "the nature of the function performed, not the identity of the actor who performed it."); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) (discussing nonjudicial act exception to judicial immunity); *Howell v. Hofbauer*, 123 F. Supp. 2d 1178, 1180-82 (N.D. Iowa 2000) (same). Concerning the latter exception to judicial immunity, the court "must construe the scope of jurisdiction broadly." *Liles*, 804 F.2d at 495 (citing *Stump*, 435 U.S. at 356). *See also Howell*, 123 F. Supp. 2d at 1180-82 (discussing clear absence of jurisdiction exception to judicial immunity).

As judicial officers, magistrate judges are entitled to absolute immunity under the same conditions as are judges. *See Pierson*, 386 U.S. at 553-54 (absolute immunity extends to officials performing discretionary acts of a judicial nature). The plaintiff fails to establish that defendant James L. Brandau is not entitled to absolute immunity. She asserts no facts establishing that the alleged acts were done outside of Magistrate Judge James L. Brandau's official capacities or that Magistrate Judge James L. Brandau was

8

without jurisdiction to act.[5] A magistrate judge, who presides over simple misdemeanor proceedings, decides no violation of the right to a speedy trial occurred and imposes a fine, clearly acts within his judicial capacities, and such action cannot be said to have been taken in the clear absence of all jurisdiction.[6]

Similarly, a prosecutor is entitled to absolute immunity from a suit for damages "under 42 U.S.C. § 1983 for [his or her] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430-31). *See also Patterson*

---

[5] In light of the facts in this case, compare *Mireles*, 502 U.S. at 12-13 (concluding defendant's act of ordering police officers to bring plaintiff forcibly to the court room was in his judicial capacity and not taken in the complete absence of all jurisdiction); *Duty*, 42 F.3d at 462-63 (finding a judge, in issuing an arrest warrant, acted in his judicial capacity because Arkansas law vests municipal judges with the power to issue arrest warrants and the judge did not act in the absence of jurisdiction, but only in excess of his jurisdiction, where he was authorized to issue arrest warrants, even if he did not have the authority to enforce a circuit court's judgment); *Liles*, 804 F.2d at 495 (holding contempt proceedings, finding a party in contempt, and ruling on a motion for recusal are all acts normally performed by a judge, and the actions in question were not taken in the clear absence of all jurisdiction, even if arguably incorrect or in excess of jurisdiction); *Howell*, 123 F. Supp. 2d at 1184-85 (finding magistrate judge's actions in initiating and prosecuting the contempt action were performed in his judicial capacity and not in the absence of jurisdiction) with *Forrester*, 484 U.S. at 229 (absolute immunity not extended when judge demoted and discharged a probation officer); *Gregory v. Thompson*, 500 F.2d 59, 4 (9th Cir. 1974) (assault not a judicial act).

[6] *See* Iowa Code §§ 909.1 (providing for imposition of fines), 909.2 (providing for fine in addition to imprisonment), 909.3 (providing for installment payments "whenever it appears that the defendant cannot make immediate payment"), 909.5 (providing for contempt of court for failing to pay fine), 909.7 (presuming ability to pay fine). *See also* Iowa Code § 602.6405 (providing jurisdiction for magistrates).

9

*v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (prosecutor is immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992) (same). Absolute immunity attaches to an official's function, rather than to the official's position. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-70, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Burns*, 500 U.S. at 486; *Forrester v. White*, 484 U.S. 219, 227-29, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). *See also Kalina v. Fletcher*, 522 U.S. 118, 123-29, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) (discussing prosecutorial activities which are protected by absolute immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (citing *Buckley*, 509 U.S. at 273, for the proposition that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Further, absolute immunity is not limited to the duties a prosecutor performs in the courtroom. *Buckley*, 509 U.S. at 272-73.

To some extent the plaintiff attributes her injury to the county attorney, defendant Kasey E. Wadding. Here, County Attorney Kasey E. Wadding acted solely as a prosecutor when he prosecuted a simple misdemeanor offense. His conduct was "intimately associated with the judicial phase of the criminal process." *See Buckley*, 509 U.S. at 273. *See also Kalina*, 522 U.S. at 123-25; *Brodnicki*, 75 F.3d at 1266. Therefore, defendant Kasey E. Wadding is absolutely immune from damages flowing from such conduct.

For the foregoing reasons, the plaintiff's action shall be dismissed for failing to state a claim upon which relief may be granted and as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit to the Clerk of Court reasonable monthly payments until the $250.00 filing fee is paid in full.

4) The plaintiff's action is dismissed with prejudice.

**DATED** this 16th day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA